UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALPHA SERVICES, LLC, ET AL.                          CIVIL ACTION

VERSUS                                               CASE NO. 23-2988

JESSICA LOOMAN, ET AL.                               SECTION: "G" (2)

<u>ORDER AND REASONS</u>

Plaintiffs Alpha Services, LLC, Robert Zaharie, NorTerra Services, LLC, and Terry Rice (collectively "Plaintiffs") seek declaratory relief and to enjoin administrative proceedings pending against them before the United States Department of Labor ("DOL") on the basis that their Seventh Amendment right to a trial by jury is allegedly being violated.[1] The Chief Administrative Law Judge of DOL referred the administrative proceedings to DOL's Covington District Office in Covington, Louisiana, on February 6, 2023.[2] The administrative proceedings are currently ongoing before the Covington District Office.[3]

Before the Court is Defendants Jessica Looman (Principal Deputy Administrator, Wage and Hour Division, DOL) and Julie Su's (Acting U.S. Secretary of Labor) (collectively the "Government") Motion to Transfer Venue.[4] The Government argues that this action should be transferred to either the U.S. District Court for the District of Columbia or the District of Idaho since venue is proper and more convenient in either district based on the citizenship of the parties and the occurrence of events.[5] In opposition, Plaintiffs assert that the Eastern District of Louisiana

---

[1] Rec. Doc. 1.

[2] *Id.* at 6.

[3] Rec. Doc. 1 at 7.

[4] Rec. Doc. 5.

[5] *Id.*

1

is the proper venue because that is where the Government is allegedly violating Plaintiffs' constitutional rights.[6] In further support of the motion, the Government argues that Plaintiffs' rights are not currently being violated in this District.[7] For the reasons discussed in more detail below, the Court finds that this District is a proper venue because the administrative proceedings that Plaintiffs seek to enjoin are ongoing in this District. Thus, a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in this District. Additionally, all of the public and private interest factors evaluated under 28 U.S.C. § 1406 are neutral. Therefore, the Government has not demonstrated that another venue is clearly more convenient than this District. Accordingly, having considered the motion, the opposition, the reply memorandum, the record, and the applicable law, the Court denies the motion.

## I. Background

Plaintiff Alpha Services, LLC ("Alpha") is a reforestation company headquartered in Idaho owned and managed by Plaintiff Robert Zaharie.[8] Plaintiff NorTerra Services, LLC ("NorTerra") is a forestry company headquartered in Idaho owned and managed by Plaintiff Terry Rice.[9] Defendant Jessica Looman is the Principal Deputy Administrator of DOL Wage and Hour Division.[10] Defendant Julie Su is the Acting U.S. Secretary of Labor, responsible for overseeing DOL's enforcement of the Migrant and Seasonal Agricultural Worker Protection Act ("MSPA") and DOL's administrative law judges.[11]

---

[6] Rec. Doc. 15.

[7] Rec. Doc. 20.

[8] Rec. Doc. 1 at 2.

[9] *Id.*

[10] *Id.*

[11] *Id.*

On June 16, 2022, DOL issued a Notice of Determination finding that Plaintiffs violated the MSPA.[12] The Notice of Determination assessed back wages and civil money penalties against both Alpha and NorTerra.[13] DOL also revoked and refused to renew Plaintiffs' MSPA licenses.[14] Plaintiffs appealed the Notice of Determination and requested a hearing before an administrative law judge.[15] Plaintiffs allege that filing the appeal should have stayed the Notice of Determination, yet DOL began giving immediate effect to it resulting in Alpha instituting litigation in the U.S. District Court of the District of Columbia.[16] The litigation resulted in a settlement.[17] When Alpha Services appealed the Notice of Determination, the company demanded a jury trial on the back wages and any other issues for which the Seventh Amendment provided the right to a jury trial.[18] The Chief Administrative Law Judge of DOL referred the administrative proceedings to DOL's Covington District Office in Covington, Louisiana, and Administrative Law Judge Angela Donaldson was assigned the matter on February 6, 2023.[19]

On February 10, 2023, Alpha filed a notice objecting to adjudication of the back wages, civil money penalties, and related claims by a non-jury factfinder.[20] On March 3, 2023, Alpha filed

---

[12] *Id.* at 4.

[13] *Id.* at 5.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 6.

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

a motion to stay the proceedings.[21] In response, Jessica Looman moved to change venue to Idaho.[22] The motion to change venue was denied, because the Administrative Law Judge in Covington, Louisiana, found that she had no authority to overturn the order of the Chief Administrative Law Judge.[23]

On July 14, 2023, the Administrative Law Judge denied the motion to stay proceedings, reasoning that the proceedings were constitutional because they were authorized by statute and regulation.[24] The administrative review proceedings are ongoing before DOL.[25]

On August 1, 2023, Plaintiffs filed a Complaint for Declaratory and Injunctive relief in this Court against Defendants alleging that the administrative proceeding must be enjoined since Plaintiffs' Seventh Amendment right to a trial by jury was being violated.[26] Both government Defendants were sued in their official capacities.[27] On September 13, 2023, the Government filed the instant Motion to Transfer Venue.[28] Plaintiffs filed an opposition on September 26, 2023.[29] The Government filed a reply on October 3, 2023.[30]

---

[21] *Id.*

[22] *Id.* at 7.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] Rec. Doc. 1.

[27] *Id.* at 2.

[28] Rec. Doc. 5.

[29] Rec. Doc. 15.

[30] Rec. Doc. 20.

## II. Parties' Arguments

### A. *The Government's Arguments in Support of Motion*

The Government argues that pursuant to 28 U.S.C. § 1404(a), this Court should transfer the matter to the U.S. District Court for the District of Columbia, or alternatively, the District of Idaho for the convenience of the parties.[31] The Government asserts that venue is proper in both the District of Columbia and the District of Idaho.[32] The Government submits that venue would be proper in the District of Columbia because that is where the federal defendants reside.[33] The Government contends that venue is also proper in the District of Idaho, where the corporate Plaintiffs have their principal place of business and hence reside.[34]

The Government asserts that public interest factors favor transfer since the Eastern District of Louisiana has 16,488 pending cases, while the District of Columbia has 6,152 pending cases, and Idaho had 1,104 cases.[35] The Government argues that there is not a particularly "local interest" in having this case decided in the Eastern District of Louisiana.[36] The Government contends that the only connection this District has to the matter is that the administrative proceedings were assigned to a judge seated in Louisiana, and that neither Plaintiff identified any specific connection with this District in requesting a "south-central" assignment of the administrative proceedings.[37]

---

[31] Rec. Doc. 5-1 at 7.

[32] *Id.* at 8.

[33] *Id.*

[34] *Id.*

[35] *Id.* at 9.

[36] *Id.* at 10.

[37] *Id.* at 12.

The Government submits that both Defendants reside in the District of Columbia, Plaintiffs reside in Idaho, and the events underlying the MSPA violations all occurred in Washington State or Idaho.[38] As such, the Government moves this Court to exercise its discretion and transfer the matter.[39]

Alternatively, the Government argues that under 28 U.S.C. § 1406(a) venue is not proper in this District because neither Defendants nor Plaintiffs reside here and a substantial part of the events or omissions giving rise to the claim did not occurred here either.[40] The Government contends that the lone fact that the case has been assigned to an administrative law judge sitting in this District is not substantial, and that no live proceedings have yet occurred in this District.[41]

## B.   *Plaintiffs' Arguments in Opposition to the Motion*

In opposition, Plaintiffs argue that venue is proper in the Eastern District of Louisiana because that is where the Government is allegedly violating Plaintiffs' constitutional rights.[42] Plaintiffs assert that the Government's motion should be denied because it has not clearly demonstrated a transfer is justified.[43] Plaintiffs submit that the only action that gave rise to Plaintiffs' claims is the DOL hearing common law claims against Plaintiffs without a jury, which is ongoing in Covington, Louisiana.[44] Plaintiffs contend that the Government faces no unfair inconvenience in litigating this case in the same district where they are allegedly violating

---

[38] *Id.*

[39] *Id.*

[40] *Id.* at 14.

[41] *Id.*

[42] Rec. Doc. 15 at 1.

[43] *Id.* at 3.

[44] *Id.*

Plaintiffs' constitutional rights.[45] Plaintiffs allege that venue would not be appropriate in the District of Columbia because that is merely the location of DOL headquarters.[46] Plaintiffs further contend that Idaho is not a better choice because Plaintiffs claim no need to litigate this case near their residence, and the Government has no right to force this supposed convenience upon them.[47]

Plaintiffs assert that the impact of the Court's decision will be keenly felt in Louisiana since Alpha has done business in Louisiana for many years and much of their profits are derived from Louisiana.[48] Plaintiffs argues that there is a local interest in ensuring that federal government officers are not violating individuals' constitutional rights in this District.[49] Plaintiffs contend that the Government has not met its burden to justify a change of venue.[50] As such, Plaintiffs urge this Court to deny the motion to transfer venue.[51]

**C.      *The Government's Arguments in Further Support of the Motion***

The Government submits that Plaintiffs' opposition fails to establish that venue is proper here, nor does it rebut that convenience and public interest favor transfer of the case.[52] The Government argues that Plaintiffs are wrong that their Seventh Amendment right is currently being violated in this District since Plaintiffs have not yet appeared at a hearing in Covington,

---

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] *Id.* at 5.

[49] *Id.* at 8.

[50] *Id.* at 8.

[51] *Id.* at 9.

[52] Rec. Doc. 20 at 1.

Louisiana.[53] The Government asserts that the current pre-trial proceedings being conducted at the administrative level do not implicate the Seventh Amendment.[54] The Government further contends that if a hearing occurs, it is likely to occur in Dallas, Texas, or by video.[55] Thus, the Government moves for this Court to grant the motion.[56]

### III. Legal Standard

#### A.    *28 U.S.C. § 1406*

Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." This question—whether venue is "wrong" or "improper"—is generally governed by 28 U.S.C. § 1391. That provision states that "[e]xcept as otherwise provided *by law . . .* this section *shall* govern the venue of *all civil actions* brought in district courts of the United States."[57] It further provides an action where defendant is officer or employee of the United States may be brought in any judicial district where:

(A)    a defendant in the action resides;

(B)    a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or

(C)    the plaintiff resides if no real property is involved in the action.[58]

---

[53] *Id.*

[54] *Id.* at 2.

[55] *Id.*

[56] *Id.* at 5.

[57] 28 U.S.C. § 1391(a)(1) (emphasis added).

[58] 28 U.S.C. § 1391(e)(1).

When venue is challenged, the court must determine whether the case falls within one of these three categories. If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a).

**B.     28 U.S.C. § 1404**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[59] Thus, there exists a threshold inquiry of whether the suit originally could have been brought in the venue where the action is sought to be transferred.[60] "[T]he movants have the *prima facie* burden to prove that both personal jurisdiction and venue are appropriate for all defendants in the transferee court."[61]

After it has been established that venue in the transferee district is proper, the Court must next consider whether the transfer would serve the convenience of the parties and witnesses and the interest of justice.[62] In doing so, the Court considers private and public interest factors first outlined by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert*.[63] These private and public interest factors are "appropriate for most transfer cases," but they "are not necessarily

---

[59] 28 U.S.C. § 1404(a).

[60] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") ("In applying the provisions of § 1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.").

[61] *Wellogix Technology Licensing LLC v. Automatic Data Processing, Inc.*, No. 6:11401, 2013 WL 1729606, at *3 (E.D. Tex. Mar 19, 2013) (citing *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984), *overruled on other grounds by In re Air Crash Disaster Near New Orleans, Louisiana*, 821 F.2d 1147 (5th Cir. 1987)).

[62] *See* 28 U.S.C. § 1404(a).

[63] 330 U.S. 501, 508–09 (1947). *See also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

exhaustive or exclusive," and no one factor is dispositive.[64] "Also, importantly, the plaintiff's choice of venue is not a factor in the analysis; rather, it contributes to the defendant's burden in proving that the transferee venue is 'clearly more convenient' than the transferor venue."[65] The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[66]  The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."[67]

## IV. Analysis

### A.   Proper Venue

The Government seeks to transfer this matter to either the District of Columbia or Idaho. Before addressing whether this suit could have been filed originally in Idaho or the District of Columbia, the Court addresses the Government's argument that the Eastern District of Louisiana is an improper venue.

---

[64] *Id.* ("Moreover, we noted that 'none . . . can be said to be of dispositive weight.'") (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

[65] *Tegrity Contractors, Inc. v. Spectra Grp., Inc.*, No. 12-2555, 2013 WL 654924, at *4 (E.D. La. Feb. 21, 2013) (citing *Volkswagen II*, 545 F.3d at 315).

[66] *Volkswagen II*, 545 F.3d at 315 (internal quotation marks and citation omitted).

[67] *Id.* (internal quotation marks and citation omitted).

### 1.      Whether Venue is Proper in the Eastern District of Louisiana

The Government argues that under 28 U.S.C. § 1406(a) the case should be dismissed or transferred because venue is not proper in this District.[68] The Government submits that neither Defendants nor Plaintiffs reside here and a substantial part of the events or omissions giving rise to the claim did not occurred here either.[69] The Government contends that the lone fact that the case has been assigned to an administrative law judge sitting in this District is not substantial, and that no live proceedings have yet occurred in this District.[70] In opposition, Plaintiffs argue that venue is proper in the Eastern District of Louisiana because that is where the Government is allegedly violating Plaintiffs' constitutional rights.[71]

The Court agrees with Plaintiffs that a substantial part of the events or omissions giving rise to Plaintiffs' claim are occurring in this District. Plaintiffs seek declaratory relief and to enjoin the administrative proceedings pending against them before DOL in Covington, Louisiana.[72] The relief sought in this case is limited to an order: (1) "[d]eclaring that the administrative proceedings pending before DOL violate Plaintiffs' right to a jury trial under the Seventh Amendment;" (2) "[e]njoining the administrative proceedings;" (3) "[a]warding plaintiff reasonable costs and fees under the Equal Access to Justice Act;" and (4) "[g]ranting such other relief at law and in equity as justice may require."[73] Therefore, the crux of this litigation is whether Plaintiffs' right to a jury trial is being violated by the administrative proceedings ongoing in this District.

---

[68] Rec. Doc. 5-1 at 14.

[69] *Id.*

[70] *Id.*

[71] Rec. Doc. 15 at 1.

[72] Rec. Doc. 1.

[73] *Id.* at 8.

The Government disputes that Plaintiffs' constitutional rights are being violated. That is a substantive argument, and it does not change the fact that the acts or omissions giving rise to Plaintiffs' claims are occurring in this District. The Chief Administrative Law Judge of DOL referred the administrative proceedings to DOL's Covington District Office in Covington, Louisiana. Thus, the decision to assign the case to Louisiana was made by the DOL. It is disingenuous for the DOL to now argue that this case cannot be litigated here. The administrative proceedings that Plaintiffs seek to enjoin are currently ongoing before the Covington District Office.[74] Therefore, the Court rejects the Government's argument that the Eastern District of Louisiana is an improper venue and finds that transfer would not be appropriate under § 1406(a).

The Government also argues that the case should be transferred to either the U.S. District Court for the District of Columbia or the District of Idaho for the convenience of the parties under § 1404(a). Thus, the Court proceeds with the threshold inquiry of whether the suit originally could have been brought in those venues.[75]

### 2.    Whether Venue is Proper in the District of Columbia

The Government argues that venue is proper in the District of Columbia because both federal defendants are citizens of the District of Columbia.[76] Plaintiffs argue that it is improper to sue a federal defendant in the district where the only connection to the district is the headquarters of a government agency.[77] As stated above, venue is proper in any judicial district in which a defendant in the action resides.[78] For purposes of 28 U.S.C. § 1391(e)(1), the residence of federal

---

[74] Rec. Doc. 1 at 7.

[75] *Volkswagen I*, 371 F.3d at 203.

[76] Rec. Doc. 5-1 at 8.

[77] Rec. Doc. 15 at 7.

[78] 28 U.S.C. § 1391(e)(1).

officers is that place where the officers perform their official duties.[79] The "residence" of a federal agency is ordinarily limited to the District of Columbia.[80] However, district courts in the District of Columbia have held that where, as here, "the only real connection [the] lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the [administrative] process, venue is not appropriate in the District of Columbia."[81] The Government argues that all of the events underlying the administrative proceedings occurred in Idaho and Washington State.[82] The Summary of Violations regarding the underlying administrative proceedings state that at least one violation occurred in Okanogan, Washington.[83] As such, the only connection to the District of Columbia would be that the DOL is headquartered there. Thus, this Court does not take the position that venue would have been proper in the District of Columbia.[84]

### 3.   Whether Venue is Proper in the District of Idaho

The Government also argues that venue is proper in Idaho because Plaintiffs reside there, as their headquarters are in Idaho.[85] In opposition, Plaintiffs assert that they do not wish to litigate in Idaho, and any such convenience cannot be forced upon them by Defendants.[86] As stated above,

---

[79] *See Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 266 n.3 (7th Cir. 1978).

[80] *Reuben,* 580 F.2d at 267.

[81] *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 19 (D.D.C. 2008) (citing *Abusadeh v. Chertoff*, No. 06–2014, 2007 WL 2111036, at *6–7 (D.D.C. July 23, 2007)); *see also Shawnee Tribe,* 298 F.Supp.2d at 25–26 (quoting *DeLoach v. Phillip Morris Co.,* Inc., 132 F.Supp.2d 22, 25 (D.D.C. 2000)).

[82] Rec. Doc. 5-1 at 1.

[83] Rec. Doc. 5-3 at 15.

[84] Even assuming that the District of Columbia is a proper venue, all of the public and private interest factors discussed below are also neutral when applied to the District of Columbia.

[85] Rec. Doc. 5-1 at 8.

[86] Rec. Doc. 15 at 7.

venue is proper in a judicial district where a plaintiff resides if no real property is involved in the action.[87] Plaintiffs Alpha Services and NorTerra are both LLCs. Pursuant to 28 U.S.C. § 1391(c)(2), for venue purposes, a plaintiff entity with the capacity to sue in its common name, whether or not incorporated, "shall be deemed to reside . . . in the judicial district in which it maintains its principal place of business." Plaintiffs do not dispute that both LLCs maintain their principal place of business in Idaho. As such, venue would have been proper in Idaho based upon the citizenship of Plaintiffs.

**B.    *Private Interest Factors***

The Government has established that venue is proper in Idaho. Therefore, the Court must next consider whether the transfer would serve the convenience of the parties and witnesses and the interest of justice.[88] First, the Court considers the private interest factors, which include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[89]

The Government contends that all of the private interest factors are neutral because this case involves a single legal issue, centering on a matter of constitutional interpretation, likely to be decided on summary judgment.[90] Presumably, Plaintiffs concede with this notion since their opposition does not address private interest factors at all.

---

[87] 28 U.S.C. § 1391(e)(1).

[88] *See* 28 U.S.C. § 1404(a).

[89] *Volkswagen II*, 545 F.3d at 315.

[90] Rec. Doc. 5-1 at 9.

The Court agrees that these private interest factors have little bearing to this case. The sole issue in this case is whether the administrative proceedings pending before the DOL violate Plaintiffs' Seventh Amendment right to a trial by jury. This is a legal issue that can likely be decided on summary judgment, without need for presentation of factual evidence. Therefore, the private interest factors, which are primarily concerned with convenience of the parties and witnesses, are neutral.

### C.    Public Interest Factors

Next, the Court considers the public interest factors. As stated above, the public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."[91] Accordingly, the Court will evaluate each of these factors in turn.

### 1.    Administrative Difficulties Flowing from Court Congestion

First, considering the administrative difficulties flowing from court congestion, the Government argues that the District of Idaho is less congested that this District.[92] Plaintiffs argue that any delay resulting from the speed of the case should be addressed in a motion to expedite.[93] As of June 2023, this District had 16,488 pending civil cases for 11 judges and three senior judges, and Idaho had 1,104 cases among 2 judges and one senior judge.[94] However, the total number of pending civil cases in this District includes well over 14,000 cases that are either part of an MDL

---

[91] *Volkswagen II*, 545 F.3d at 315.

[92] Rec. Doc. 5-1 at 9.

[93] Rec. Doc. 15 at 3.

[94] *See* U.S. District Courts, Judicial Caseload Profile, June 2023.

or are Hurricane Ida first-party property insurance cases subject to a streamlined settlement program. The median time from filing to trial in this District was 25.9 months, whereas the median time from filing to trial in the District of Idaho was 35.7 months.[95] Although this District has more cases pending than the District of Idaho, this Court is capable of expeditiously deciding matters. Therefore, the Court finds that this factor is neutral.

### 2.     Local Interest in Having Localized Interests Decided at Home

Next, the Court must consider the local interest in having localized interests decided at home. The Government argues that there is not have a local interest in having this matter decided in the Eastern District of Louisiana.[96] Plaintiffs contend that since their rights are being violated in Louisiana, there is a local interest in having this matter decided in Louisiana.[97] The Government asserts that Plaintiffs rights are not being violated in Louisiana as there has not yet been a hearing in Louisiana, nor will a hearing ever take place in Louisiana.[98] This Court does not find a local interest in having the case decided in Louisiana. Similarly, there is not a local interest in having the case decided in Idaho, as the only issue raised is a question of federal constitutional law. Thus, this factor is neutral.

### 3.     The Familiarity of the Forum with the Law that Will Govern the Case and Unnecessary Problems of Conflicts of Laws or Application of Foreign Law

Finally, the Court considers the familiarity of the forum with governing law and avoidance of unnecessary problems of conflict of laws. The Government contends that these factors are

---

[95] *Id.*

[96] Rec. Doc. 5-1 at 10.

[97] Rec. Doc. 15 at 3.

[98] Rec. Doc. 20 at 4.

neutral.[99] Plaintiffs do not address these factors. These factors are neutral because the only issue presented is a question of federal constitutional law.

### V. Conclusion

For the reasons discussed above, the Court finds that this District is a proper venue because the administrative proceedings that Plaintiffs seek to enjoin are ongoing in this District. Thus, a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in this District. Therefore, the Court rejects the Government's argument that the Eastern District of Louisiana is an improper venue and finds that transfer would not be appropriate under § 1406(a). Additionally, all of the public and private interest factors evaluated under 28 U.S.C. § 1404(a) are neutral. Therefore, the Government has not demonstrated that another venue is clearly more convenient than this District.[100]

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Transfer Venue[101] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 13th day of October, 2023.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[99] Rec. Doc. 5-1 at 10.

[100] *Volkswagen II*, 545 F.3d at 315.

[101] Rec. Doc. 5.

17